IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE TRUJILLO,**<br><br>                    Plaintiff,<br><br>          **v.**<br><br><br>**NIZAR N. KARIMI, SALIMA A. HIRJEE,**<br><br>                    Defendants. | Case No. 1:16-cv-00721-AWI-MJS<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>**(Doc. 11)** |

**I.    Introduction**

On September 27, 2016, Plaintiff Jose Trujillo ("Plaintiff") filed a motion for default judgment. (ECF No. 11.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

A motion hearing was set for October 28, 2016.  However, since Defendants Nizar N. Karimi, doing business as Victorian Market, and Salima A. Hirjee ("Defendants") did not file an opposition to the motion, the hearing on the motion was taken off

1

calendar. (ECF No. 13.) Nevertheless, Defendant Karimi appeared in Court in person on the date of the hearing, suggesting an intent to oppose the motion. (Id.) Accordingly, the Court provided Karimi additional time to file written opposition to the motion for default judgement.  As of the date of these findings and recommendation, no opposition has been filed.

For those reasons and those set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

## II.   Background

Plaintiff filed the complaint on May 24, 2016, asserting a claim under the Americans with Disabilities Act ("ADA"). (ECF No. 1.) Plaintiff alleges that he is disabled, is substantially limited in his ability to walk, and uses a wheelchair and cane for mobility. Plaintiff further contends that Defendants operate a business open to the public, and that Plaintiff there encountered barriers that interfered with his use of Defendants' business facility. Specifically, Plaintiff contends that a vehicle obstructed his path to the building entrance, making it hard to maneuver his wheelchair, that the building landing was excessively sloped, that the aisles in the store were too narrow, and the transaction counter was too high. (Compl. at 3.)

Plaintiff served Defendants with the summons and Complaint on May 30 and June 12, 2016. (ECF Nos. 4-5) Defendants did not file any response to the Complaint. On July 5, 2015, Plaintiff requested default be entered against Defendants, and on the same date the Clerk entered said default. (ECF Nos. 8-9.) On September 27, 2016, Plaintiff filed the present motion for default judgment against Defendants. (Mot., ECF No. 11.) Despite being served with the application by United States Mail and clearly being aware of the motion and its scheduled hearing date, Defendants did not file an opposition to the motion.

**III.    Discussion**

    **A.    Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered by the Court on a party's motion for default judgment and authorizes the Court to:

conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Upon default, the well-pleaded allegations of liability in the Complaint are taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987); Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008). Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236. Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Analysis

As discussed below, consideration of the <u>Eitel</u> factors weighs in favor of granting default judgment in this instance.

#### 1.    Prejudice to Plaintiff if Default Judgment is Not Granted

If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action until Defendants decide to appear in the litigation and that may never occur.

#### 2.    The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978).

#### a.    Americans with Disabilities Act

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an

4

architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." <u>Parr v. L & L Drive-Inn Restaurant</u>, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. <u>Molski</u>, 481 F.3d at 730.

Plaintiff alleges that he has limited mobility and requires the use of a wheelchair or cane in public and therefore is "physically disabled" as defined by applicable California and federal law; the facility is a public accommodation facility which is open to the public, intended for non-residential use and its operations affect commerce. (Compl. at ¶¶ 7-10.) Further, Plaintiff alleges that Defendants own, operate, or lease the facility and have sufficient control to make the modifications to remove impediments to mobility access. (Compl. at ¶¶ 11-15.) This is sufficient to allege liability for failure to comply with the ADA.

Plaintiff visited Defendants' business on November 8, 2015. (Compl. at ¶ 10.) Plaintiff contends that the movement of his wheel chair was obstructed by a car parked a fuel pump near the entrance. (Compl. at ¶ 10.) Plaintiff also had difficulty opening the entrance door because it was recessed and the landing ramp was excessively sloped. (<u>Id.</u>) Plaintiff alleges that the aisles of the store were narrow and made it difficult to navigate and open the refrigerator to get a beverage. (<u>Id.</u>) Finally, Plaintiff contends that the transaction counter was too high, making it difficult to reach over and conduct the transaction. (<u>Id.</u>)

These allegations are taken as true due to Defendants default, and Plaintiff has met his burden of stating a prima facie claim for discrimination under Title III. Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

1

### b.    Unruh Act

Plaintiff also brings a state law claim for violation of the Unruh Act. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are entitled to  the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that no business shall discrimate against any person due to disability. Cal. Civ. Code § 51.5(a). A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorneys' fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. Molski, 481 F.3d at 731.

As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

### c.    California Health and Safety Code

Plaintiff brings state law claims for violation of the Health and Safety Code. The California Health and Safety Code requires that all public accommodations constructed in California adhere to the requirements of Government Code § 4450. Cal. Health & Safety Code § 19955(a). Government Code § 4450(a) provides that "all buildings, structures, sidewalks, curbs, and related facilities . . . shall be accessible to and usable by persons with disabilities." The California Health and Safety Code also provides that "[e]very existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation." Cal. Health & Safety Code § 19959.

In his complaint, Plaintiff incorporates the factual allegations and states that "the [f]acility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both),

and that the [f]acility was not exempt under Health and Safety Code § 19956." (ECF No. 1 at ¶ 45.) Although Plaintiff's pleading is largely boilerplate, the Court finds this claim is adequately pled for the purpose of default judgment as it is sufficient to support the relief requested.

Plaintiff's complaint has sufficiently stated a cause of action forviolations of the ADA, Unruh Act, and California Health and Safety Code and the allegations appear to have merit. Accordingly, these factors weigh in favor of granting default judgment.

### 3.      The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No. 3:11-cv-06340-JW, 2012 U.S. Dist. LEXIS 99137, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this action, Plaintiff is seeking statutory damages, costs, and attorney's fees in the amount of $8,911.00. This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint. This factor weighs in favor of granting default judgment.

### 4.      The Possibility of a Dispute Concerning Material Facts

Due to the factual allegations in the complaint being taken as true upon Defendants' default, there are no genuine of issues of material fact in dispute in this action. Accordingly, this factor weighs in favor of granting default judgment.

### 5.      Whether the Default Was Due to Excusable Neglect

Defendants have failed to file a responsive pleading or oppose the motion for default judgment. There is no evidence before the Court that this failure was due to excusable neglect.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The policy favoring decisions on the merits always weighs against entering default judgment. However, in this instance, especially in light of Defendants failure to provide any opposing arguments to the default, the factors favoring default judgment outweigh the policy favoring a decision on the merits.

### C. Damages

#### 1. Equitable Relief

Plaintiff seeks declaratory and injunctive relief under the ADA for the violations alleged in the complaint. Plaintiff seeks a declaration that Defendants violated the ADA. Based upon the allegations in Plaintiff's complaint, the Court finds and declares that Defendants violated the ADA.

Plaintiff also seeks an injunction requiring the removal of all architectural barriers to Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore an injunction should issue requiring Defendants to ensure that entrance landing, entrance door, shopping aisles, and transaction counter are compliant with applicable law as set forth in the ADA and Unruh Act.

#### 2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F.Supp.2d 1126, 1133 (C.D. Cal. 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled to statutory damages of $4,000.00.

### 3.   Attorney Fees

Plaintiff requests $3,425.50 in attorney's fees. Pursuant to 42 U.S.C. § 12205, the party that prevails on a claim brought under the ADA may recover reasonable attorney fees and cost at the discretion of the Court. "[U]nder federal fee shifting statutes the lodestar approach is the guiding light in determining a reasonable fee." Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See D'Emanuele [v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990)]; Hensley [v. Eckerhart, 461 U.S. 424,] 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. See Hensley, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Id. at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] See Blum v. Stenson, 465 U.S. 886, 898-901, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); Hensley, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) (quoting Blum, 465 U.S. at 898-901); Blum, 465 U.S. at 897; D'Emanuele, 904 F.2d at 1384, 1386; Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. Antoninetti, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the loadstar, but is required to provide a clear but concise reason for the fee award. Gates v. Deukmejian,

9

987 F.2d 1392, 1398 (9th Cir. 1992). The loadstar amount is to be determined based upon the prevailing market rate in the relevant community. Blum, 465 U.S. at 896 (1984).

Plaintiff seeks attorney's fees computed using a $300.00 per hour rate for work by attorney Tanya E. Moore, $115 per hour for work by paralegal Whitney Law, and $95 per hour for work by paralegal David Guthrie. The Court finds the requested rates to be reasonable. See Moore v. Ruiz, No. 1:11-cv-2159 LJO-GSA, 2012 U.S. Dist. LEXIS 124565, 2012 WL 3778874, at *6 (E.D. Cal. Aug. 31, 2012).

The Court finds that the number of hours billed in this case is reasonable given the nature of this case and Ms. Moore's experience in these types of actions. Ms. Moore states that she spent a total of 7.9 hours to investigate the claim, prepare the complaint, obtain a default and file this motion for default judgment. (ECF No. 11-2, 11-3.) The Court is aware that Ms. Moore files numerous cases alleging near identical claims, and therefore most pleadings need little revision before filing. Even so, the Court acknowledges that the time amounts provided do not appear overly excessive, even in light of the fact that the pleadings and motions are repeatedly used. In addition to the $2,370 requested for the 7.9 hours that Ms. Moore spent on the case, Plaintiff requests $1055.50 for the 9.7 hours that paralegals worked on the case. Having reviewed the time entries, the Court finds the time expended by the paralegals on the case was reasonable.

Accordingly, the Court will grant Plaintiff attorney's fees in the total amount requested of $3,425.50.

Plaintiff additionally seeks $1,485.50 in costs, which includes the filing fee, service fees and an expert site inspection. The Court finds these costs reasonable. Accordingly, the Court will recommend that Plaintiff be awarded a total of $8,911.000 in statutory damages, attorney's fees, and costs.

**IV.    Conclusion and Recommendation**

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion for default judgment be GRANTED;

2.    Judgment be entered in this action against Nizar N. Karimi, doing business as Victorian Market, and Salima A. Hirjee, as follows:

3.    Plaintiff be awarded $4,000.00 in statutory damages;

4.    Plaintiff be awarded $3,425.50 in attorney's fees;

5.    Plaintiff be awarded $1,485.50 in costs; and

6.    An injunction issue ordering Defendants to ensure that the entrance landing, entrance door, shopping aisles, and transaction counter are compliant with applicable law as set forth in the ADA and Unruh Act.

Furthermore, Plaintiff is HEREBY ORDERED to mail a copy of these Findings and Recommendations to Defendants at Defendants' last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    February 6, 2017            /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12